# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| HARVEY WATKINS BOOKER, III, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00609-SDJ-CAN |
| v. | § | |
| | § | |
| CAPITAL ONE AUTO FINANCE CORPORATION, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff Harvey Watkins Booker, III's Motion for Default Judgment [Dkt. 5]. Having considered Plaintiff's request, and all other relevant pleadings, the Court recommends the construed Motion for Default Judgment [Dkt. 5] be **DENIED**.

## BACKGROUND

On July 18, 2022, *pro se* Plaintiff Harvey Watkins Booker, III ("Plaintiff") initiated this lawsuit by the filing of a complaint naming as Defendants Capital One Auto Finance Corporation and Corporation Service Company [Dkt. 1]. To date, Plaintiff has not paid the requisite filing fee, nor been granted *in forma pauperis* status; Defendants in this cause have also not been served [Dkts. 6; 9; 12]. On August 24, 2022, Plaintiff filed the instant "Affidavit of Amount Owed by the Defendant and Request for Default Judgment by Clerk with Sum Certain per Red.R.Civ.Proc. [sic] 55(b)(1)" (the "Motion for Default Judgment") [Dkt. 5]. Plaintiff's request for default judgment states, in part:

> According to Rule 55(b)(l) of the Federal Rules of Civil Procedure, (1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who

has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Whereas, defendant, CAPITAL ONE AUTO FINANCE, acquiesced by failing to respond to the certified notices that was mailed to the company on numerous occasions regarding Breach of Contract and violations of the Consumer Credit Protection Act, namely TILA, FDCPA and the FCRA. The certified return receipts of the latest notices from the USPS proving their receipt of the notices have been sent, along with the exhibits and notice, and invoice for violations to prove and document that "sum certain" as the Federal Rule of Civil Procedure requires to be entered in, on and for the record.

[Dkt. 5 at 1-2]. Plaintiff's request is premature; Defendants have not been served and, no clerk's entry of default has been entered.

## LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Applying Rule 55, the Fifth Circuit has defined a three-step process for securing a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, there must be a default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.*; *accord* FED. R. CIV. P. 55(a). Second, there must be an entry of default by the clerk, which occurs "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141. Third, and only after entry of default, a "plaintiff may apply for a judgment based on such default." *Id.*; *accord* FED. R. CIV. P. 55(b).

In this case, Plaintiff has not served Defendants (indeed summons have not yet issued in this cause), requested that the Clerk enter default as to any Defendant, nor has the Clerk entered any such default on the docket. "Pro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). "Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any

default judgment against the defendant would be void." *Schoenbauer v. Deutsche Bank Nat. Trust Co.*, No. 3:20-cv-1901, 2021 WL 4822555, at *3 (N.D. Tex. Sept. 21, 2021) (citing *Rogers v. Hartford Life & Assoc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)), *report and recommendation adopted*, No. 3:20-cv-1901, 2021 WL 4822012 (N.D. Tex. Oct. 15, 2021). "Proper service of process must be proven prior to entering default." *Schopp v. Results Nat'l LLC*, No. 416CV00890ALMKPJ, 2017 WL 6030081, at *2 (E.D. Tex. Nov. 15, 2017), *report and recommendation adopted*, No. 4:16-CV-890, 2017 WL 6026803 (E.D. Tex. Dec. 5, 2017) (citing Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co.*, 84 F.3d at 141); *see also Roland v. Texas*, No. 4:21-cv-00415, 2021 WL 7283079, at *2 n. 3 (E.D. Tex. Dec. 22, 2021) (finding *pro se* plaintiff's motion for default judgment premature where they had not properly served defendant), *report and recommendation adopted*, No. 4:21-cv-00415, 2022 WL 628408 (E.D. Tex. Mar. 3, 2022). "Until defendants are properly served and the clerk of court enters a default, 'Plaintiff[] ha[s] no basis for seeking a default judgment.'" *Balderas v. Nguyen*, No. 3:19-cv-2826, 2020 WL 2495889, at *3 (N.D. Tex. May 14, 2020) (citing *Steele v. Unicorn Grp.*, No. 3:19-cv-1679, 2019 WL 4919027, at *2 (N.D. Tex. Sept. 5, 2019), *report and recommendation adopted*, No. 3:19-cv-1679, 2019 WL 4919027 (N.D. Tex. Oct. 4, 2019)). Accordingly, the current request for default judgment is premature and the undersigned recommends that Plaintiff's Motion for Default Judgment [Dkt. 5] be denied.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Default Judgment [Dkt. 5] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28

U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE