IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HARVEY WATKINS BOOKER, III, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00609-SDJ-CAN |
| v. | § | |
| | § | |
| CAPITAL ONE AUTO FINANCE CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On July 18, 2022, *pro se* Plaintiff Harvey Watkins Booker, III ("Plaintiff") filed a Complaint in the Eastern District of Texas [Dkt. 1]. On that same date, Plaintiff filed his [First] Motion to Proceed *In Forma Pauperis* [Dkt. 3]. On October 26, 2022, the Court denied Plaintiff's Motion, finding it deficient as it "provides insufficient financial information for the Court to meaningfully evaluate his request," ordering Plaintiff "to either pay the filing fee in this action or file a second complete motion to proceed *in forma pauperis*," and cautioning Plaintiff that failure to comply with the Court's orders may result in a recommendation of dismissal [Dkt. 6 at 1-2]. The October 26 Order specifically noted that Plaintiff's answers of "N/A" are what prevented the Court from meaningfully evaluating his request. Plaintiff acknowledged receipt of the Court's Order [Dkt. 7]. In response, Plaintiff filed his [Second] Motion to Proceed *In Forma Pauperis* on November 7, 2022 [Dkt. 8]. On November 9, 2022, the Court denied the Second Motion, finding Plaintiff failed to attest to his indigency and, further, presented a meritless argument that he had an "absolute right" to proceed *in forma pauperis* [Dkt. 9 at 1-2]. Notwithstanding, the Court provided a further opportunity for Plaintiff to either pay the required filing fee or file a complete motion to proceed *in forma pauperis* and cautioned Plaintiff that failure to comply with the Court's

REPORT AND RECOMMENDATION – Page 1

orders may result in a recommendation of dismissal [Dkt. 9 at 2]. Plaintiff acknowledged receipt of the Court's Order [Dkt. 10]. On November 21, 2022, Plaintiff filed his [Third] Motion to Proceed *In Forma Pauperis* [Dkt. 11]. Plaintiff's Third Motion presented many of the same deficiencies as his earlier requests; and the Court again denied his request [Dkt. 12 at 3]. The Court provided Plaintiff a final opportunity to either pay the filing fee or file a proper motion to proceed *in forma pauperis* and expressly warned Plaintiff, ***"[n]o additional opportunities will be provided. Failure to comply with this order will result in a recommendation of dismissal***" [Dkt. 12 at 3 (emphasis added)]. Plaintiff acknowledged receipt of the Court's Order [Dkt. 14]. On February 15, 2023, Plaintiff filed his [Fourth] Motion to Proceed *In Forma Pauperis* [Dkt. 15]. Like his initial motion, Plaintiff largely answers "N/A" to the questions and does not provide sufficient financial information for the Court to meaningfully evaluate his request, insisting once more that he "choose[s] to exercise [his] natural individual right to an equitable relief and constitutional right to petition the court in which I am entitled to relief" [Dkt. 15 at 6]. Moreover, beyond Plaintiff's failure to provide sufficient information, the information he does provide on his current application is inconsistent with information provided in his previous applications. For example, in his initial application he listed that he pays $1,100 in rent each month and pays $150 in utilities [Dkt. 3 at 4]; however, in his current application he states under "Rent or home-mortgage payment," "N/A – live with mom" [Dkt. 15 at 4]. As the Court has stated on multiple separate occasions,

> [T]here is no "absolute right" to proceed in forma pauperis. Rather, the Court enjoys limited discretion to grant or deny a motion for leave to proceed in forma pauperis based upon the financial statement set forth within the applicant's affidavit. While plaintiff does not need to be absolutely destitute to qualify for in forma pauperis status, such benefit is allowed only when plaintiff cannot give such costs and remain able to provide for [himself] and [his] dependents.

[Dkt. 12 at 2-3 (internal citations omitted)].

The Court has insufficient information to evaluate Plaintiff's request. Plaintiff has repeatedly failed to comply with the Court's Orders.

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised *sua sponte* whenever necessary to 'achieve the orderly and expeditious disposition of cases.'"). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam).

In the present case, Plaintiff has failed to comply with the Court's Order(s) requiring payment of the filing fee or a complete application to proceed *in forma pauperis* [Dkts. 6; 9; 12]. Plaintiff's failure prevents this action from proceeding. Thus, the present case should be dismissed. *See Bohannan v. Redic,* No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (affirming dismissal of *pro se* prisoner's complaint under Rule 41(b) where, after the court entered

multiple deficiency orders, plaintiff still failed to provide sufficient information for the court to evaluate his *in forma pauperis* application); *Velez v. Soc. Sec. Admin.*, No. SA-16-CV-187, 2016 WL 2743544, at *3 (W.D. Tex. May 11, 2016) (dismissing under Rule 41(b) where plaintiff was "ordered multiple times" to either pay the required filing fee or "properly completed the application to proceed *in forma pauperis* as he was instructed" but failed to do so); *Moore v. Tex. Workforce Comm'n*, No. DR-20-CV-046-AM, 2021 WL 2953689, *1 (W.D. Tex. Mar. 8, 2021) (after defendant moved to dismiss action, court directed payment of the filing fee and thereafter recommended dismissal for failure to pay same); *Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed"), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020).[1]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned, again, **DENIES** *pro se* Plaintiff Harvey Watkins Booker, III [Fourth] Motion to Proceed *In Forma Pauperis* [Dkt. 15], and now further recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to act. However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE